# Exhibit A



**null / ALL**
**Transmittal Number: 31464752**
**Date Processed: 05/21/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | William P Wodjak<br>Columbia Debt Recovery, LLC<br>906 SE Everett Mall Way<br>Ste 301<br>Everett, WA 98208-3744 |

| | |
|---|---|
| **Entity:** | Columbia Debt Recovery, LLC<br>Entity ID Number  3900695 |
| **Entity Served:** | Columbia Debt Recovery, LLC |
| **Title of Action:** | Brenda Dinger vs. Columbia Debt Recovery, LLC |
| **Matter Name/ID:** | Brenda Dinger vs. Columbia Debt Recovery, LLC (17350734) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | King County Superior Court, WA |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 05/20/2025 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Anderson Santiago, PLLC<br>206-395-2665 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| BRENDA AND DAVE DINGER, | NO. |
| Plaintiff, | SUMMONS |
| vs. | |
| COLUMBIA DEBT RECOVERY, LLC, | |
| Defendant . | |

**TO THE DEFENDANT:** COLUMBIA DEBT RECOVERY, LLC

A lawsuit has been started against you in the above-entitled court by the Plaintiff. This claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where a plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to a notice before a default judgment may be entered.

Summons - 1

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1       If you wish to seek the advice of an attorney on this matter, you should do so promptly so that

2  your written response, if any, may be served on time.

3       **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

4  State of Washington.

5

6       Respectfully submitted this 19th day of May, 2025.

7

8                       **ANDERSON SANTIAGO, PLLC**

9                       By:

                        Jason D. Anderson, WSBA No. 38014

10                    T. Tyler Santiago, WSBA No. 46004

                       Attorneys for Plaintiff

11                    207B Sunset Blvd. N.

                       Renton, WA 98057

12                    (206) 395-2665

                       (206) 395-2719 (fax)

13

14

15

16

17

18

19

20

21

22

23

Summons - 2

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

9

BRENDA AND DAVE DINGER,

10

Plaintiff,

11

vs.

12

COLUMBIA DEBT RECOVERY, LLC,

13

Defendant.

NO.

**COMPLAINT FOR VIOLATIONS OF 15
U.S.C. § 1692 ET SEQ. AND RCW
CHAPTERS 19.16 AND 19.86 ET SEQ.**

14

15    COMES NOW Plaintiff, by and through counsel, who alleges:

16    **I.    PARTIES AND JURISDICTION**

17    1.    Plaintiffs Brenda and Dave Dinger are a married couple who reside in

18    Washington State.

19    2.    Defendant Columbia Debt Recovery, LLC ("CDR"), a Washington Limited

20    Liability, UBI # 604 074 740, is a debt collector and licensed collection agency doing business in

21    Washington, and who repeatedly attempted to collect an alleged debt from the Plaintiff.  CDR's

22    registered agent is Corporation Service Company, 300 Deschutes Way SW Ste 208 MC-CSC1,

23    Tumwater, WA, 98501.

Complaint - 1

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

3.      Jurisdiction over Defendant is proper as Defendant does business in Washington State, including King County, and venue is statutorily appropriate in King County, Washington.

## II.    FACTS

4.      In July 2017, Plaintiffs Brenda and Dave Dinger rented a house in Kirkland, WA from Katrina Eileen Property Management ("the landlord").

5.      The landlord and tenant immediately had a conflict surrounding the lease. While the details are mostly tangential for the purposes of this lawsuit, Plaintiffs provide their perspective for background purposes.

6.      The conflict revolved around the form of payments for rent. As Plaintiffs recall, the parties disagreed about whether payment could or should be made in cash or by check, which caused friction among the parties.

7.      Ultimately, the landlord filed an unlawful detainer action in King County Superior Court, case no. 17-2-28339-8 SEA. That case was resolved on November 13, 2017, when the Court entered an order issuing a writ of restitution and judgment, which was signed by all parties to the lawsuit. A copy of the order is attached as **Exhibit A**.

8.      The judgment called for the Dingers to vacate the premises by November 20, 2017, and to pay a total of $7,335.98 which was comprised of the principal amount owed, late fees, and taxable costs and attorneys' fees. *Id.*

9.      The Dingers dutifully moved out of the home, as required by the order, and on that same day paid a total of $4,800.00 to the landlord, which should have reduced the balance on the judgment to $2,535.98. A copy of a receipt that the Dingers received for the payment is attached as **Exhibit B**.

Complaint - 2

1     **The Judgement is Assigned to Defendant and Debt Collector CDR**

2        10.    A year later, on November 15, 2018, the landlord assigned its judgment to

3 Defendant CDR. A copy of the assignment is attached as **Exhibit C**.

4        11.    From that point forward, CDR began attempting to collect the debt from

5 Plaintiffs.

6        12.    Unfortunately, rather than giving the Dingers credit for paying over 65% of the

7 judgment shortly after the judgment was entered, CDR repeatedly attempted to collect the full

8 judgment plus additional amounts, fees, costs, and interest calculated on the full judgment.

9 These attempts continued for seven-and-a-half years.

10        13.    In November 2018, CDR began a series of garnishments, alleging the principal

11 balance due on the judgment was still the original amount of $7,335.98, despite the $4,800.00

12 payment. Based on the court record, the garnishment was unsuccessful.

13        14.    In August 2019, CDR attempted to garnish the original judgment amount, without

14 giving the Dingers credit for payments, and was again unsuccessful.

15     **In September 2022, CDR Sent a Collection Letter Demanding More Than What was Owed**

16        15.    Continuing its trend of attempting to collect money that was not owed, in

17 September 2022, CDR mailed a collection letter to Plaintiffs. A copy of the letter is attached as

18 **Exhibit D**.

19        16.    For unknown reasons, CDR now claimed that the Dingers owed a principal amount

20 of $8,104.22, and that $4,745.42 in interest was owed.

21        17.    The letter failed to give Plaintiffs credit for their 2017 payment of $4,800.00, and

22 appeared to calculate interest based on an inflated principal amount.

23     **CDR Recently Attempted to Garnish the Full Amount of the Judgment, Failing to Give Credit for the Large Payment**

Complaint - 3

18.     On March 31, 2025, CDR issued its most recent garnishment against the wages of Brenda Dinger.  A copy of the Writ of Garnishment is attached as **Exhibit E**.

19.     CDR, yet again, failed to give the Dingers credit for their payment.  In addition to attempting to collect the full amount of the original judgment without giving credit for payments, CDR calculated interest using the full amount of the original judgment, also failing to account for the amounts already paid.  Thus, CDR claimed that the Dingers owed over $4,000.00 in interest that is not owed.

20.     This resulted in CDR's recent garnishment attempting to collect over $8,000.00 more than what was actually owed on the judgment.

21.     As a result of Defendant's actions detailed above, Plaintiffs have incurred expenses in seeking and retaining counsel in connection with ascertaining their legal rights and responsibilities, and have suffered financial uncertainty, unease, and distress caused by Defendant's tactics and communications, which are false, misleading, improper, and/or confusing.

## III.     CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

22.     With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

23.     With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(8) and Defendant is a collection agency as defined by RCW 19.16.100(4).

24.     For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard.  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

Complaint - 4

**Count 1**

25.    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a violation to falsely represent the character, amount, or legal status of any debt. § 1692e(2); *see also* § 1692e(10) (further prohibiting false representations and/or deceptive activities).

26.    Plaintiff incorporates the above paragraphs and realleges them herein.

27.    CDR attempted to collect money that was not owed via a garnishment that failed to give credit for a payment made only a week after the judgment was entered.

28.    CDR also inflated the balance by calculating interest on top of an inflated principal.

29.    Therefore, Defendant CDR violated 15 U.S.C. § 1692e and/or § 1692e(2)/e(10).

**Count 2**

30.    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

31.    Plaintiff realleges the allegations in Count 1, *supra*.

32.    The actions of CDR also constitute unfair or unconscionable means to collect or attempt to collect a debt.

33.    For the above-stated reasons, Defendant CDR therefore violated 15 U.S.C. § 1692f on multiple occasions.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

34.    Violations of RCW 19.16.250 are per se violations of the Consumer Protection

Complaint - 5

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

Act ("CPA"), RCW chapter 19.86.[1]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble

damages (to a limit of $25,000) and attorney's fees.

35.       Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

36.       Even minimal or nominal damages constitute "injury" under the CPA. *Panag*,

166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even

"unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id.* (citing

*Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

37.       Lastly, FDCPA violations separately constitute "per se" violations of the CPA.

(For ease of reference, Plaintiff will not reallege each claim multiple times.  Nevertheless, this is

yet another basis for CPA liability.)

## Count 3

38.       A collection agency may not collect or attempt to collect any sum other than

principal, allowable interest, collection costs or handling fees expressly authorized by statute, and

in the case of suit attorney's fees and taxable court costs.  RCW 19.16.250(21).

39.       Here, Defendant CDR attempted to collect amounts which were not owed

(including an inflated principal and interest calculated thereon) and not authorized by law via a

garnishment and a collection letter.

40.       Defendant CDR therefore violated RCW 19.16.250(21).

## Count 4 – Additonal "per se" CPA claims

41.       Defendant's violations of the FDCPA as outlined above – regardless of whether

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 6

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1    such claims would otherwise be purportedly time-barred (and/or subject to equitable doctrines) –

2    themselves constitute *per se* violations of the CPA. *See Sims v. Midland Funding LLC*, 2021 WL

3    1546135 at *5 (W.D. Wash. Apr. 20, 2021) (citing *Hoffman v. Transworld Sys. Inc.*, 806 F. App'x

4    549, 552 n.3 (9th Cir. 2020)).

5        42.    Washington's CPA claims are subject to the discovery rule. *See Shepard v.*

6    *Holmes*, 185 Wn. App. 730, 740 (2014).

7        43.    Therefore, each of the foregoing FDCPA claims are reasserted herein as "per se"

8    violations of the CPA, and Defendant CDR thus violated the Consumer Protection Act on

9    numerous occasions on this independent basis.

10    **Request for Injunctive Relief**

11        44.    A plaintiff may seek injunctive relief for violations of the Consumer Protection

12    Act.  RCW 19.86.090.

13        45.    Plaintiff does seek injunctive relief from this Court which would enjoin

14    Defendant from collecting debts in the manner described above from both Plaintiff and any other

15    person similarly situated.  *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

16        46.    Specifically, Plaintiff seeks an injunction prohibiting Defendant CDR from

17    collecting amounts not owed (in particular, balances that fail to give credit for payments made

18    and inflated interest calculated using an inflated principal), among other tactics.

19        47.    Plaintiff has reason to believe these actions make up a pattern and practice of

20    behavior and have impacted other individuals similarly situated.

21        48.    Injunctive relief is necessary to prevent further injury to Plaintiff and to the

22    Washington public as a whole.

23        49.    Injunctive relief should therefore issue as described herein.

Complaint - 7

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1

## IV. PRAYER FOR RELIEF

2    WHEREFORE, Plaintiff prays:

3    1.    For Judgment against Defendant for actual damages.

4    2.    For statutory damages of $1,000.00 for FDCPA violations, per Plaintiff.

5    3.    For statutory damages of $7,500.00 per violation for Washington Collection

6    Agency Act and Consumer Protection Act violations, per Defendant.

7    4.    For treble damages, pursuant to RCW 19.86.090, calculated from the damages

8    determined by the court.

9    5.    For costs and reasonable attorney's fees as determined by the Court pursuant to

10    15 U.S.C. 1692k(a)(3) and other applicable law.

11    6.    For injunctive relief pursuant to RCW 19.86.090 as described above.

12

13    Respectfully submitted this 19th day of May, 2025.

14

15                    ANDERSON SANTIAGO, PLLC

16                    By:_____
                    Jason D. Anderson, WSBA No. 38014
17                    T. Tyler Santiago, WSBA No. 46004
                    Attorneys for Plaintiff
18                    207B Sunset Blvd. N.
                    Renton, WA 98057
19                    (206) 395-2665
                    (206) 395-2719 (fax)

20

21

22

23

Complaint - 8

# EXHIBIT A

FILED

2017 NOV 13 AM 10: 04

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

EXP01

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

KATRINA EILEEN PROPERTY
MANAGEMENT,

                            Plaintiff,

vs.

BRENDA DINGER, DAVE DINGER, and
ALL OTHER OCCUPANTS

                            Defendants.

No. 17-2-29339-8 SEA

ORDER ENTERING JUDGMENT,
ISSUING WRIT OF RESTITUTION,
AND JUDGMENT

(CLERKS ACTION REQUIRED)

I.    JUDGMENT SUMMARY

1. Judgment Creditor:              Katrina Eileen Property Management
2. Judgment Creditor's Attorney:   Robert D. Maxwell, WSBA #46636

3. Judgment Debtors:               BRENDA DINGER AND DAVE DINGER

4. Principal Judgment Amount:      $4,205.00 + $1,445.00 (Nov.) = $5,650.00

5. Late Fees Under Lease:          $540.00  $75 Oct. + $75 Nov.

6. Taxable Costs & Attorneys' Fees: $995.98

7. TOTAL JUDGEMENT:                - $6,740.98 $7,335.98

8. Post Judgment Interest Rate:    12%

DEFAULT ORDER AND JUDGMENT - 1 of 2



HOLMQUIST + GARDINER
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 438-9083

This matter having come on for hearing before this Court upon a Motion for Motion to Enter Judgment and Issue Writ of Restitution by the plaintiff and Order on between the parties:

The plaintiff, appearing by and through its attorneys, Holmquist & Gardiner PLLC, and the defendants not appearing; and the Court having examined the documents on file herein, and it appearing to the court that the plaintiff has the right to be restored to possession of the property and that there is no substantial issue of material fact as to the right of plaintiff to be granted such relief as prayed for in the Complaint and the Court having made its Findings of Fact and Conclusions of Law, NOW, THEREFORE,

IT IS ORDERED, ADJUDGED AND DECREED that the tenancy by which the defendants hold the premises described herein be terminated and possession be restored to plaintiff and that a Writ of Restitution be issued forthwith to the sheriff of King County, Washington, directing him / her to deliver possession of said premises to plaintiff; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment be entered for plaintiff and against defendants for the unpaid rent in the amount of $~~2,000.00~~ *$5,650.00*, for plaintiff's late fees and other costs incurred herein in the amount of $540.00, for court filing fees in the amount of $259.98, for Sheriff's Writ of Restitution service fee in the amount of $136.00, for plaintiff's reasonable attorneys' fees in the amount of $600.00, and for interest on the judgment herein at the rate of 12% percent per annum from the date of entry of this judgment.

DONE IN OPEN COURT this _____ day of November, 2017. *+ 4:30 Pm*

*RETN STATEMENT BY 11/20/17 at 4:30 Pm at Blevins Office E609 to CCR.*

_____
JUDGE/COURT COMMISSIONER

Presented by:

HOLMQUIST & GARDINER PLLC

_____
Hamilton H. Gardiner, WSBA #37827
Robert D. Maxwell, WSBA #46636
Attorneys for Plaintiff


*Dave Dinger / prose*

DEFAULT ORDER AND JUDGMENT - 2 of 2

HOLMQUIST + GARDINER
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 438-9083

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT B

Dave Dinger
Brenda Dinger

13323 108th Ave NE
Kirkland, WA 981

RECEIVED
11/20/17 KB

Received
$ 4800⁰⁰

on 11/20/17

Katrina Eileen Realestate.

Plus $2250⁰⁰ Deposit For A Total of $7,050⁰⁰

# EXHIBIT C

**FILED**
2018 NOV 15 02:30 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 17-2-28339-8 SEA

SUPERIOR COURT, KING COUNTY, STATE OF WASHINGTON

| | |
|---|---|
| KATRINA EILEEN PROPERTY MANAGEMENT,; ASSIGNED TO: COLUMBIA DEBT RECOVERY, LLC a Washington Limited Liability Company, | Case No. 17-2-28339-8 SEA |
| Plaintiff, | |
| vs. | ASSIGNMENT OF JUDGMENT and/or CLAIM |
| BRENDA DINGER. DAVE DINGER, AND ALL OTHER OCCUPANTS | |
| Defendant(s). | |

## ASSIGNMENT OF JUDGMENT

The above-named Plaintiff and Judgment Creditor herein, for good and valuable

consideration, heretofore, received, hereby assigns all right, title and interest in the judgment

herein filed against the above-named Defendant(s) to: Columbia Debt Recovery, LLC located at:

1215 - 120th Avenue NE (Suite 101) in Bellevue, WA 98005.

Dated: _8-29-2018_

Signed by: _____

Printed name: _Katrina Eileen Ronatowski_

//

//

| | |
|---|---|
| ASSIGNMENT OF JUDGMENT | COLUMBIA DEBT RECOVERY, LLC KRISTA L. WHITE (WSBA# 8612) 1215 120TH Ave NE (Suite 101) Bellevue, WA 98005 425) 646-1391 / FAX - 425) 646-1395 877) 622-1132 |
| Client # 0003996509 (Dinger) | |

1

2

3    STATE OF WASHINGTON )
                          ) ss
4    COUNTY OF KING       )

5

6        I certify that I know or have satisfactory evidence that _Katrina Eileen Romatowski_

7    appeared before me, and said person acknowledged that he/she signed this instrument, on oath

8    stated that he/she was authorized to execute the said instrument and acknowledged it as the

9    (capacity) Agent and/or Manager of Katrina Eileen Property Management to be and voluntary

10   act and deed of such party, for the uses and purposes mentioned in the instrument.

11

12       DATED this: _August 29, 2018_

13

14

15   Shawna M. Nitschke
     NOTARY PUBLIC
16   Residing in: Lynnwood, WA
     My Commission expires: 02/25/2021

17

18

19

20

21

22

23

24

---

ASSIGNMENT OF JUDGMENT

Client # 0003996509 (Dingar)

COLUMBIA DEBT RECOVERY, LLC
KRISTA L. WHITE (WSBA# 8612)
1215 120TH Ave NE (Suite 101)
Bellevue, WA 98005
425) 646-1391 / FAX - 425) 646-1395
877) 622-1132

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT D

COLUMBIA DEBT RECOVERY LLC DBA GENESIS
PO BOX 3630 EVERETT, WA 98213
TOLL FREE: 866-863-9194 MONDAY-FRIDAY 8AM TO 5PM PST

NOVEMBER 29, 2022

PR1-Account #:0004050716

DINGER,DAVE
12631 100TH AVE NE APT A
KIRKLAND WA 980342777

ORIGINAL CREDITOR: KATRINA EILEEN PROPERTY MANAGEMENT
PLACED FOR COLLECTIONS ON: 07/14/21

| | |
|---|---|
| Original Balance: | $8104.22 |
| Current Principal: | $8104.22 |
| Interest Due: | $4745.42 |
| Total Due: | $12849.64 |

DAVE DINGER

In reference to your recent request, please find enclosed validation of debt
with KATRINA EILEEN PROPERTY MANAGEMENT

Please remit the balance in full of $12849.64 or contact our office to discuss
this debt.

Should you have any further questions, please contact the undersigned below.

Sincerely,

COLUMBIA DEBT RECOVERY LLC DBA GENESIS
(866) 863-9194

This is an attempt to collect a debt. Any information will be used for
that purpose. As of the date of this letter you owe the amount stated
above. Your account bears interest at 012.00 percent per annum. Because
interest and other charges vary from day to day, please contact
us to learn the exact amount you owe as of the date of your payment.

**Columbia Debt Recovery LLC**
**DBA Genesis**
**State Disclosures**

**TO ALL CONSUMERS – Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.

Please be aware of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

**California Residents:** The state Rosenthal Fair Debt Collection Practices Act, and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov/.
As required by law, you are hereby notified that a negative credit agency report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Colorado Residents:** The Colorado office of Columbia Debt Recovery is located at 27 North Willerup, Suite B, Montrose, CO 81401, telephone (303) 382-0534. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce.

**Maine Residents:** Hours of Operation: M-F 8:00am – 5:00pm PDT; Call toll free (866) 863-9194.

**New York:** Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions;9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and11. Ninety percent of your wages or salary earned in the last sixty days.

**New York City Borough Residents:** Department of Consumer Affairs, City of New York, License # 2095802-DCA. Please contact Hayden Hunter at (866) 863-9194 if you have questions. Para un agente de habla hispana, llame al (877)397-9337. Please see https://www1.nyc.gov/site/dca/index.page for a translation of commonly used debt collection terms in your preferred language.

**North Carolina Residents:** North Carolina Department of Insurance Permit # 119507065

**Utah Residents:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT E

**COLUMBIA DEBT RECOVERY LLC**
**PO BOX 3630**
**EVERETT, WA 98213**

(425) 646-1391 or  (855) 669-1813

Fax (206) 946-3166
APR 1 6 2025

COSTCO LEGAL DEPT

COSTCO WHOLESALE CORPORATION
c/o JOHN SULLIVAN
999 LAKE DR
ISSAQUAH WA 98027-8990

Dear Payroll/Garnishment Department,

Please be advised the Clerk of the Court entered a 60-day Writ of Garnishment against the wages/earnings of your below-referenced employee. Upon service, you are directed to start withholding per the writ. Your failure to comply could result in a judgment against your company for the full amount of the writ plus additional attorney fees and/or costs.

| | | |
|---|---|---|
| Your employee: | BRENDA DINGER | |
| SS#: | ****7698 | |
| Cause#: | 17-2-28339-8 SEA | |
| Client#: | 0003996509 | |

Please submit funds directly to the Plaintiff (COLUMBIA DEBT RECOVERY LLC) or the Plaintiffs' attorney of record. *(See page 3 of Writ for address information)*

Please include the Client# 0003996509 when submitting payments and/or correspondence to COLUMBIA DEBT RECOVERY LLC or Plaintiffs' attorney of record.

Enclosed you will find a copy of the following court documents: Writ of Garnishment, Declaration for Writ of Garnishment and First Answer Form. Please return a copy of the First Answer Form to the address or fax# indicated above, or you may email at: *legaldepartment@genesiscred.com*

   ** Please be sure to fill out the contact information on the 3rd page of the First
      Answer Form & send back all (3) pages of the First Answer Form **

If you have any questions, please don't hesitate to contact our office at: (425) 646-1391 or email me directly at: legaldepartment@genesiscred.com or consult your legal counsel.

Respectfully,
*CHRISTINA ESTEVES*
Legal Department

RECEIVED
KING COUNTY WASHINGTON

MAR 3 1 2025

DEPARTMENT OF
(illegible)

SUPERIOR COURT, KING COUNTY, STATE OF WASHINGTON

KATRINA ELIEEN PROPERTY
MANAGEMENT; ASSIGNED TO: COLUMBIA
DEBT RECOVERY, L.L.C., a Washington limited
liability company,

        Plaintiff,

vs.

BRENDA DINGER, and DAVE DINGER ; Each
Individually and/or the Marital Community
Comprised Thereof,

        Defendant(s),

vs.

COSTCO WHOLESALE CORPORATION

        Garnishee Defendant.

Case No. 17-2-28339-8 SEA

APPLICATION FOR WRIT OF
GARNISHMENT

*This garnishment is based on a judgment or
order for consumer debt.*

## I.   APPLICATION

1.1 Plaintiff has assigned said judgment to Columbia Debt Recovery, L.L.C., a collection agency licensed under the laws of the State of Washington. Said assigned judgment is wholly or partially unsatisfied, against the defendant, in the court from which the writ is being sought.

1.2 The amount alleged to be due is the balance of the judgment or amount of claim, $7,335.98, plus interest and estimated garnishment costs as indicated in the writ.

1.3 Plaintiff has reason to believe, and does believe, that the Garnishee, COSTCO WHOLESALE CORPORATION, whose registered agent and/or business is located at: 999 LAKE DR in ISSAQUAH, WA 98027-8990 and is:

    [X] indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law; or

    [X] the garnishee has possession or control of personal property or effects belonging to the defendant which are not exempted from garnishment by any state or federal law.

APPLICATION FOR WRIT OF GARNISHMENT
(RCW 6.27.080) - 1

COLUMBIA DEBT RECOVERY, L.L.C.
MATT CHEUNG (WSBA# 42087)
P.O. BOX 3630
EVERETT, WA 98213-8630
DIRECT: 425.646.1391 / FAX: 206.946.8168
877.822.1132

Client #: 0003996509-Z2 (B. DINGER)

1.4   The garnishee [X] is  [ ] is not the employer of the defendant.

## II. CERTIFICATION.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this:  MARCH 27, 2025 at EVERETT, WA.

Matt Cheung (WSBA # 43067)
Attorney for Plaintiff

APPLICATION FOR WRIT OF GARNISHMENT
(RCW 6.27.060) - 2

Client #: 0003998509-Z2 (B. DINGER)

COLUMBIA DEBT RECOVERY, L.L.C.
MATT CHEUNG (WSBA# 43067)
P.O. BOX 3630
EVERETT, WA 98213-8630
DIRECT: 425.649.1391 / FAX: 206.946.8163
877.622.1132



SUPERIOR COURT, KING COUNTY, STATE OF WASHINGTON

KATRINA ELIEEN PROPERTY
MANAGEMENT; ASSIGNED TO: COLUMBIA
DEBT RECOVERY, L.L.C., a Washington limited
liability company,

        Plaintiff,

vs.

BRENDA DINGER, and DAVE DINGER ; Each
individually and/or the Marital Community
Comprised Thereof,

        Defendant(s),

vs.

COSTCO WHOLESALE CORPORATION

        Garnishee Defendant.

Case No. 17-2-28339-2 SEA

WRIT OF GARNISHMENT FOR
CONTINUING LIEN ON EARNINGS
(WRG or $WRG)

*This garnishment is based on a judgment or
order for consumer debt*

STATE OF WASHINGTON TO: <u>COSTCO WHOLESALE CORPORATION</u> (Garnishee
Defendant)

AND TO: <u>BRENDA DINGER</u> / SS# _____ 7698 (Defendant)

The Plaintiff in this action has applied for a Writ of Garnishment against you, claiming that the
above-named defendant is indebted to plaintiff and that the amount to be held to satisfy the
indebtedness is:

**$12,483.25**

consisting of:

| | | |
|---|---|---:|
| BALANCE ON JUDGMENT OR AMOUNT OF CLAIM | $ | 7,335.98 |
| INTEREST UNDER JUDGMENT FROM 11/13/2017 TO 04/13/20 | $ | 1,595.42 |
| INTEREST UNDER JUDGMENT FROM 05/28/20 TO DATE | $ | 3,190.85 |
| PLUS PER DAY RATE OF ESTIMATE INTEREST (Rounded To) | | 0.0002 |

ESTIMATED GARNISHMENT COSTS:

| | | |
|---|---|---:|
| GARNISHMENT ATTORNEY FEES | $ | 300.00 |
| ESTIMATED SERVICE FEE | $ | 0.00 |
| FILING FEE | $ | 20.00 |

WRIT OF GARNISHMENT FOR CONTINING LIEN ON
EARNINGS (WRG or $WRG) - 1

Client #: 0003996509-Z2 (B. DINGER)

COLUMBIA DEBT RECOVERY, L.L.C.
MATT CHEUNG (WSBA# 43067)
P.O. BOX 3630
EVERETT, WA 98213-3630
DIRECT: 425.646.1391 / FAX: 206.946.3166
877.822.1132

| | | |
|---|---|---|
| POSTAGE AND CERTIFIED MAIL COSTS | $ | 0.00 |
| EX-PARTE FEE | $ | 31.00 |
| REGISTRY FEE | $ | 10.00 |

THIS IS A WRIT FOR A CONTINUING LIEN. THE GARNISHEE SHALL HOLD the nonexempt portion of the defendant's earnings due at the time of service of this writ and shall also hold the defendant's nonexempt earnings that accrue through the last payroll period ending on or before SIXTY days after the date of service of this writ. HOWEVER, IF THE GARNISHEE IS PRESENTLY HOLDING THE NONEXEMPT PORTION OF THE DEFENDANT'S EARNINGS UNDER A PREVIOUSLY SERVED WRIT FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD UNDER THIS WRIT only the defendant's nonexempt earnings that accrue from the date the previously served writ or writs terminate and through the last payroll period ending on or before 60 days after the date of termination of the previous writ or writs. IN EITHER CASE, THE GARNISHEE SHALL STOP WITHHOLDING WHEN THE SUM WITHHELD EQUALS THE AMOUNT STATED IN THIS WRIT OF GARNISHMENT.

YOU ARE COMMANDED, unless otherwise directed by the court, by the attorney of record for the plaintiff, or by this writ, not to pay any debt, whether earnings subject to this garnishment or any other debt, owed to the defendant at the time this writ was served and not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the defendant in your possession or control at the time this writ was served. Any such payment, delivery, sale, or transfer is void to the extent necessary to satisfy the plaintiff's claim and costs for this writ with interest.

YOU ARE ALSO COMMANDED to answer this writ according to the instructions in this writ and in the answer forms and, within 20 days after the service of the writ upon you, to mail or deliver the original of such answer to the court, one copy to the plaintiff or the plaintiff's attorney, and one copy to the defendant at the addresses listed at the bottom of this writ.

If, at the time this writ was served, you owed the defendant any earnings (that is wages, salary, commission, bonus, tips, or other compensation for personal services or any periodic payments pursuant to a nongovernmental pension or retirement program), the defendant is entitled to receive amounts that are exempt from garnishment under federal and state law. You must pay the exempt amounts to the defendant on the day you would customarily pay the compensation or other periodic payment. As more fully explained in the answer, the basic exempt amount is the greater of 80 percent of disposable earnings or a minimum amount determined by reference to the employee's pay period, to be calculated as provided in the answer. However, if this writ carries a statement in the heading of "This garnishment is based on a judgment or order for child support," the basic exempt amount is 50 percent of disposable earnings; and if this writ carries a statement in the heading of "This garnishment is based on a judgment or order for private student loan debt," the basic exempt amount is the greater of 85 percent of disposable earnings or 50 times the minimum hourly wage of the highest minimum wage law in the state at the time the earnings are payable; and if this writ carries a statement in the heading of "This garnishment is based on a judgment or order for consumer debt", the basic exempt amount is the great of 80% of disposable earnings or thirty-five times the state minimum hourly wage.

YOU MAY DEDUCT A PROCESSING FEE FROM THE REMAINDER OF THE EMPLOYEE'S EARNINGS AFTER WITHHOLDING UNDER THIS WRIT. THE PROCESSING FEE MAY NOT

WRIT OF GARNISHMENT FOR CONTINING LIEN ON
EARNINGS (WRG or $WRG) - 2

COLUMBIA DEBT RECOVERY, LLC.
MATT CHEUNG (WSBA# 43067)
P.O. BOX 3030
EVERETT, WA 98213-8830
DIRECT: 425.646.1391 / FAX: 206.946.8166
877.622.1132

Client #: 0003996509-Z2 (B. DINGER)

1   EXCEED TWENTY DOLLARS FOR THE FIRST ANSWER AND TEN DOLLARS AT THE TIME
   YOU SUBMIT THE SECOND ANSWER.

2

3   If you owe the defendant a debt payable in money in excess of the amount set forth in the first
   paragraph of this writ, hold only the amount set forth in the first paragraph and any processing fee, if
4   one is charged, and release all additional funds or property to defendant.

5   IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE
   ENTERED AGAINST YOU FOR THE FULL AMOUNT OF THE PLAINTIFF'S CLAIM
6   AGAINST THE DEFENDANT WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS
   WHETHER OR NOT YOU OWE ANYTHING TO THE DEFENDANT. IF YOU PROPERLY
7   ANSWER THIS WRIT, ANY JUDGMENT AGAINST YOU WILL NOT EXCEED THE AMOUNT
   OF ANY NONEXEMPT DEBT OR THE VALUE OF ANY NONEXEMPT PROPERTY OR
8   EFFECTS IN YOUR POSSESSION OR CONTROL.

9   JUDGMENT MAY ALSO BE ENTERED AGAINST THE DEFENDANT FOR COSTS AND FEES
   INCURRED BY THE PLAINTIFF.

10

   WITNESS, the Honorable,     **KETU SHAH**    Judge of the Superior Court, and the seal
11   thereof, this date: _____

                         Catherine Cornwall, Clerk of the Superior
12           **APR 0 2 2025**         Court for King County, WA

13                   Clerk of the Court
14                   DEPUTY CLERK
                    Signature:
15                   Address: KING COUNTY SUPERIOR COURT
                     ATTN: CLERK OF COURT
16                      516 THIRD AVENUE
                     SEATTLE, WA 98104-2361
17

18   Matt Cheung (WSBA# 43067)
   Attorney for Plaintiff

19

20   COLUMBIA DEBT RECOVERY, LLC
   P.O. BOX 3630
21   EVERETT, WA 98213-8630
   Address of Plaintiff

22

23   BRENDA DINGER
   Name of Defendant

24   12631 100th Ave NE
   Kirkland, WA 98034-2777
25   Address of Defendant

WRIT OF GARNISHMENT FOR CONTINING LIEN ON
EARNINGS (WRG or $WRG) - 3

COLUMBIA DEBT RECOVERY, L.L.C.
MATT CHEUNG (WSBA# 43067)
P.O. BOX 3630
EVERETT, WA 98213-8630
DIRECT: 425.649.1391 / FAX: 206.946.8166
877.622.1132

Client #: 0003996509-22 (B. DINGER)